IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 15 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 07-cv-02433-BNB

JOHNNY H. ROSS,

    Plaintiff,

v.

MR. MICHAUD COMPLETE BOARD MEMBERS, Colorado State Board of Parole,
JOHN LEVIN DA AND COMPLETE STAFF, District Attorneys Office Mesa County,
LAW OFFICE OF LESLIE CASTRO AND COMPLETE STAFF,
JUDGE NICHOLAS MASSARO, 21st Judicial District Court Mesa County,
GOVERNOR BILL RITTER,
COLORADO DEPARTMENT OF CORRECTIONS,
JEANENNE MILLER, Colorado Division of Adult Parole and Community Corrections, All
    the Above Named Defendants in Their Official and Individual Capacities,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff Johnny H. Ross is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Arkansas Valley Correctional Facility in Crowley, Colorado. He has filed a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343.

The Court must construe the Complaint liberally because Mr. Ross is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the Complaint.

Mr. Ross sets forth three claims. He seeks declaratory and injunctive relief and money damages. In Claim One, he asserts that his current sentence is not within the presumptive range and, therefore, is in violation of the United States Supreme Court cases, *Apprendi*, *Blakely*, *Booker*, and *Cunningham*, and *Barton*. Plaintiff contends that per *Apprendi* he should have been sentenced in the middle of the "minimum presumptive range." (Compl. at 4.) Plaintiff concludes that because his sentence is unconstitutional he is seeking a new parole hearing in which the parole board may decide to shorten his sentence. He further asserts that he has not been credited with presentence confinement time as was ordered by the sentencing court.

In Claim Two, Mr. Ross asserts that the district attorney, the public defender, and the judge in his state criminal proceedings breached his plea agreement in violation of his due process and equal protection rights. He further asserts that his sentence exceeds the maximum presumptive range and that *Apprendi, Jones, Blakely, Cunningham, Booker,* and *Barton* should be applied retroactively.

In Claim Three, Plaintiff asserts that his Fifth Amendment rights were violated when the district attorney participated in a vexatious prosecution against him. He further asserts that the DOC, the DOC Division of Parole, and the Community Corrections have discriminated against him because there is not enough bed space in community corrections.

To the extent that Plaintiff is attempting to seek habeas relief for wrongful imprisonment, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, *see Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973), after exhaustion of state remedies, *see* 28 U.S.C. § 2254(b)(1). To the extent Mr. Ross is challenging the

2

execution of his sentence regarding the computation of his earned-time credits, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Even if Plaintiff's claims regarding the validity of his conviction and sentence were found to have merit, including his claim that he has been denied earned-time credit for his presentence confinement, he may not challenge the validity of his conviction or sentence in this action for money damages pursuant to 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a § 1983 action necessarily would imply the invalidity of the prisoner's criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal or called into question by the issuance of a federal habeas writ. *Id.* at 486-87.

A judgment in favor of Mr. Ross, in this action, necessarily would imply the invalidity of his state court criminal proceedings. Therefore, he may not bring this action unless he has invalidated his conviction or his sentence. Mr. Ross does not allege an invalidation of his conviction or sentence nor is there an indication in the Complaint that he was granted one. Any claims challenging Plaintiff's criminal state court proceedings would be barred by *Heck*.

Plaintiff's claims also suffer from other deficiencies. Defendant Judge Nicholas Massaro is absolutely immune from liability in civil rights suits when he is acting in his judicial capacity, unless he acts in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994).

3

Judge Massaro's sentencing of Plaintiff is an action taken in his judicial capacity. Judge Enzor was not acting in the clear absence of all jurisdiction. Therefore, the claims asserted against Judge Massaro are barred by absolute judicial immunity.

Defendant John Levin is a district attorney. With respect to the prosecutorial activities in which Defendant Levin was involved in Plaintiff's state criminal case, he enjoys immunity from suit under § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976). Mr. Ross's allegations involve no more than acts that are " 'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)), *cert. denied sub nom. Swepston v. Snell*, 499 U.S. 976 (1991). Therefore, Defendant Levin is an inappropriate party to this action based on absolute immunity.

Defendant Leslie Castro is a private attorney. Any named Defendant who is a private attorney is not a state actor under § 1983 and would not be a proper party in the instant action. *Polk County v. Dodson*, 454 U.S. 312, 318 (1981).

Plaintiff's presentence credit claim, however, is not asserted against improper parties and will be dismissed without prejudice.

With respect to Plaintiff's community corrections placement claim, the United States Constitution itself does not create a protected liberty interest in a prisoner's release prior to the expiration of a valid sentence. *See Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). Mr. Ross, therefore, does not have a federal constitutional right to be placed in community corrections prior to the conclusion of his sentence.

4

The Constitution also does not create a liberty interest in a prisoner's classification or placement. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). The Due Process Clause does not protect every change in the conditions of confinement that has a substantial adverse impact on the prisoner. *See Meachum*, 427 U.S. at 224. State law may create a liberty interest if it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). Simply because Plaintiff was denied placement in the community corrections program due to an insufficient number of beds does not equate to an atypical and significant hardship.

Furthermore, the Community Corrections Board has the authority to accept or reject any offender referred for placement in a community corrections program. *See* Colo. Rev. Stat. § 17-27-103(5). Plaintiff, therefore, does not have a protected liberty interest in being classified as a community corrections participant under either the Constitution or state law. In addition, federal courts should not become involved in the daily operations of prisons. *See Sandin*, 515 U.S. at 482. The discretionary classification of inmates are the types of decisions that are better left to prison officials. *See Meachum*, 427 U.S. at 228-29.

With respect to Plaintiff's claim that he has been discriminated against by not being placed in community corrections, he fails to state a constitutional deprivation. A person's right to equal protection is violated when the government or its officials treat him differently than others who are similarly situated. *See City of Cleburne, Tex. v.*

5

*Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996). Equal protection, however, does not require that all people be treated identically. *See Hendking v. Smith*, 781 F.2d 850, 851 (11th Cir. 1986); *Zeigler v. Jackson*, 638 F.2d 776, 779 (5th Cir. 1981).

Nonetheless, Mr. Ross is not asserting that he is being treated differently than any other similarly-situated prisoners, he claims only that there are not enough beds in community corrections to accommodate him. Plaintiff's community corrections claim will be dismissed as legally frivolous.

To the extent that Plaintiff relies on *Wilkinson v. Dotson*, 544 U.S. 74 (2005), his reliance is misplaced. In *Wilkinson*, the U. S. Supreme Court found that a party may challenge the parole authority's procedures as being unconstitutional and seek relief in a § 1983 action. Here, Plaintiff is seeking a parole hearing in an effort to shorten his state-imposed incarceration. His remedy properly is sought in a § 2254. Accordingly, it is

ORDERED that the Complaint and action are dismissed without prejudice.

DATED at Denver, Colorado, this 14 day of February, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02433-BNB

Johnny H. Ross
Prisoner No. 102534
Arkansas Valley Corr. Facility
PO Box 1000
Crowley, CO 81034

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 2/15/08

                           GREGORY C. LANGHAM, CLERK

                           By: _____
                                  Deputy Clerk